Dennis A. Cammarano, Esq.--037242
CAMMARANO LAW GROUP
Attorneys for Plaintiff,
STARR INDEMNITY & LIABILITY COMPANY
555 E. Ocean Blvd., Ste. 501
Long Beach, CA 90802
Tel: 562.495.9501
Fax: 562.495.3674
Email: dcammarano@camlegal.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| STARR INDEMNITY & LIABILITY COMPANY, | ) | IN ADMIRALTY |
|---|---|---|
| | ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff, | ) | |
| v. | ) | **COMPLAINT FOR:** |
| | ) | |
| MEDITERRANEAN SHIPPING COMPANY S.A.; and DOES 1 through 10, inclusive, | ) | 1. **NON-DELIVERY OF CARGO;** |
| | ) | 2. **NEGLIGENCE/WILFUL MISCONDUCT** |
| Defendants. | ) | 3. **BREACH OF CONTRACT** |
| | ) | 4. **BREACH OF BAILMENT** |
| | | 5. **BREACH OF WARRANTY** |

COMES NOW, Plaintiff, STARR INDEMNITY & LIABILITY COMPANY, and for causes of action against MEDITERRANEAN SHIPPING COMPANY S.A. and Does 1 through 10, inclusive, ("Defendants"), alleges as follows:

\\\

## JURISDICTIONAL ALLEGATIONS

1. This action involves admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and is within this court's Admiralty and Maritime jurisdiction. As well, this court has jurisdiction as a Federal Question under 28 U.S.C. § 1331, in that the dispute arises under federal law, namely, the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701 et. seq.

2. Venue is proper in this judicial district as the sea waybill at issue specifies this court in this judicial district as the designated forum for resolution of disputes.

## THE PARTIES

3. STARR INDEMNITY & LIABILITY COMPANY (hereinafter "STARR" or "Plaintiff") is an insurance corporation authorized to do business in the State of New York, with an office and place of business at 399 Park Avenue, New York, New York 10022. Having paid for the loss, Plaintiff brings this suit on its own behalf and on behalf of all those having an interest in the cargo described below.

4. MEDITERRANEAN SHIPPING COMPANY S.A. (hereinafter "MSC" or with Does, "Defendants") is a corporation doing business in this judicial district as a vessel operating common carrier with an office and place of business c/o MEDITERRANEAN SHIPPING COMPANY (USA) INC. at 420, 5th Avenue

(at 37th Street) 8th Floor, New York, New York 10018.

4. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants designated herein as DOES 1 through 10, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names.

5. Plaintiff is informed and believes, and thereon alleges, that each of Defendants designated herein as a DOE 1 through 10, inclusive, is, in some manner, legally responsible for the events and happenings herein referred to, and when the names and capacities of said Defendants are ascertained, Plaintiff will seek leave of Court to amend this Complaint to reflect their true names and capacities.

## FIRST CAUSE OF ACTION

(Damage to Cargo- COGSA)

6. Plaintiff incorporates by reference Paragraphs 1 through 5, inclusive, of this Complaint as fully set forth herein.

7. On or about December 24, 2020, Defendants, and each of them, accepted a shipment of 1,632 cartons of air purifiers ("Cargo") to be carried in containers TCNU9213642, TCNU7836301 and MSDU8049178 from Xiamen, China to Memphis, Tennessee via the Port of Los Angeles, California aboard the MAERSK ESSEN Voy. 015N in the same good order and condition as when

received under MSC sea waybill number MEDUXE259619.

8. Within one year last passed, Defendants, and each of them, failed and neglected to handle, carry, monitor, and deliver the Cargo. To the contrary, the containerized Cargo was never delivered.

9. By reason of the foregoing, Plaintiff has been damaged in the sum of $282,205.44, plus miscellaneous expenses, interest and costs, no part of which has been paid by Defendants despite demand therefor.

## SECOND CAUSE OF ACTION

(Negligence/Wilful Misconduct/Unseaworthiness)

10. Plaintiff incorporates by reference Paragraphs 1 through 9, inclusive, of this Complaint as though fully set forth herein.

11. The loss to the Cargo was directly and proximately caused by the negligence, carelessness and willful misconduct of Defendants, and each of them, as well as the unseaworthiness of the vessel used to carry the Cargo.

12. As a direct and proximate result of such conduct, Plaintiff has been damaged in the sum of $282,205.44, plus miscellaneous expenses, interest and costs, no part of which has been paid by Defendants despite demand therefor.

///

///

## THIRD CAUSE OF ACTION

(Breach of Contract)

13. Plaintiff incorporates by reference Paragraphs 1 through 5, inclusive, of this Complaint as though fully set forth herein.

14. On or about December 24, 2020, Defendants, and each of them, agreed to safely handle, transport and deliver the Cargo in the same good order and condition as when received.

15. Defendants, and each of them, materially and substantially breached and deviated from their agreement by failing to transport and deliver the Cargo in the same good order and condition as when received.

16. As a direct and proximate result of the material breach of, and deviation from, the agreement by Defendants, Plaintiff has been damaged in the sum of $282,205.44, plus miscellaneous expenses, interest and costs, no part of which has been paid by Defendants.

## FOURTH CAUSE OF ACTION

(Breach of Bailment)

17. Plaintiff incorporates by reference Paragraphs 1 through 5, inclusive, of this Complaint as though fully set forth herein.

18. Defendants received 1,632 cartons of air purifiers for delivery in

Memphis, Tennessee.

19. Instead, the air purifiers were never delivered, with non-delivery being directly and proximately caused by the acts and omissions of Defendants or their contractors, and each of them, in violation of their statutory and common law duties and obligations as bailees to safely care for the Cargo.

20. As a direct and proximate result of Defendants' breach of warranty, Plaintiff has been damaged in the sum of $282,205.44, plus miscellaneous expenses, interest and costs, no part of which has been paid by Defendants despite demand therefor.

## FIFTH CAUSE OF ACTION

(Breach of Warranty)

21. Plaintiff incorporates by reference paragraphs 1 through 9, inclusive, of the Complaint as though fully set forth.

22. In loading and unloading the containers housing the Cargo, Defendants warranted that they would perform the services in a workmanlike manner using the proper equipment and personnel and business practices.

23. Defendants engaged a deficient vessel and personnel and thus, breached their warranty.

24. As a direct and proximate result of Defendants' breach of warranty,

Plaintiff has been damaged in the sum of $282,205.44, plus miscellaneous expenses, interest and costs, no part of which has been paid by Defendants despite demand therefor.

**WHEREFORE,** Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For general damages in the sum of $282,205.44, miscellaneous expenses, interest and costs;

2. For pre-judgment interest at the rate of 5% per annum from January 16, 2021 or such other rate as allowable by the court;

3. For post-judgment interest at the maximum allowable rate;

4. For costs of suit herein; and,

5. For such other and further relief as this court deems just and proper.

Dated: January 14, 2022              CAMMARANO LAW GROUP

                                     By: */S/Dennis A. Cammarano*
                                         Dennis A. Cammarano
                                         555 East Ocean Blvd., Suite 501
                                         Long Beach, California 90802
                                         Telephone: (562) 495-9501
                                         E-mail: dcammarano@camlegal.com
                                         Attorneys for Plaintiff,
                                          STARR INDEMNITY &
                                         LIABILITY COMPANY
                                         3536 Complaint Against MSC- HOT 011422.wpd